UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE KNIGHT and ALLERICK KNIGHT,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN DOE, DINNER DETECTIVE PRODUCTIONS, INC., AND MARRIOTT HOTEL SERVICES, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>1:18-cv-00299-ELR |

## MARRIOTT HOTEL SERVICES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, MARRIOTT HOTEL SERVICES, INC. ("Marriott") a named Defendant in the above-styled case, by and through undersigned counsel, hereby files this Response in Opposition to Plaintiffs' Supplemental Motion for Leave to Amend Complaint filed on May 11, 2018, showing this Honorable Court as follows:

I.    Plaintiffs' Motion for Leave to Amend Complaint is Untimely.

Pursuant to the Scheduling Order in this case, amendments to the pleadings were to be filed within 30 days after the Joint Preliminary Report and Discovery Plan ("Report") was filed. (See Docket No. 9, ¶ 6(b).) The Report was filed on

February 22, 2018.[1] (See Docket No. 9.) Therefore, the deadline to amend the pleadings was March 26, 2018, and this Motion is untimely.

Marriott identified Dalane Williamson, an employee of Defendant, in its Initial Disclosures filed and served[2] on February 22, 2018. (See Docket No. 9.) Marriott identified Mr. Williamson again throughout its discovery responses served on March 9, 2018, even specifically identifying him as the man believed to be "John Doe" in the Complaint. (See Docket No. 16.) Accordingly, Plaintiffs have been aware of the identity of Mr. Williamson as of February 22, 2018, and therefore had the complete 30 days available under the Scheduling Order to amend the Complaint.

Plaintiffs originally filed a Motion to Substitute a Party on May 3, 2018 to substitute Mr. Williamson for John Doe.[3] (See Docket No. 29.) That same day Plaintiffs filed a Motion to Amend Complaint seeking to add WAC Entertainment, LLC d/b/a Dinner Detective Atlanta. (See Docket No. 30.) The Motion to Substitute a Party was withdrawn on May 11, 2018, and this Supplemental Motion for Leave to Amend Complaint ("Supplemental Motion") was filed on May 11, 2018. (See Docket Nos. 32-33.) Since this Motion for Leave to Amend the

---

[1] The Court entered the Scheduling Order on February 23, 2018.
[2] The Initial Disclosures were served via email upon Plaintiffs' counsel on February 22, 2018.
[3] Plaintiffs' counsel sent a draft of a Motion to Substitute Dalane Williamson for John Doe to undersigned counsel on April 23, 2018. Even as of the date of the draft, the Motion was untimely.

Complaint is untimely, Marriott respectfully requests that Plaintiffs' Supplemental Motion be denied.

II. <u>Alternatively, Dalane Williamson is an Unnecessary Party to this Case.</u>

According to general agency principles, including the Restatement (Third) of Agency § 2.04 (2005), "An employer is subject to liability for torts committed by employees while acting within the scope of their employment." <u>See also</u> <u>Allen Kane's Major Dodge, Inc. v. Barnes</u>, 243 Ga. 776 (1979). "Generally, where a party's liability is solely vicarious, that party and the actively-negligent tortfeasor are regarded as a single tortfeasor." <u>PN Exp., Inc. v. Zegel</u>, 304 Ga. App. 672 (Ct. App. 2010). While Marriott strongly denies that there was any act of negligence by Marriott or Mr. Williamson, Marriott recognizes that any alleged negligence by Mr. Williamson during the course and scope of his employment would be imputable to Marriott. Therefore, according to <u>Zegel</u>, Marriott and Mr. Williamson would be regarded as a single tortfeasor.

Marriott is a named Defendant in this lawsuit. Marriott, through its Initial Disclosures and discovery responses, confirmed that Mr. Williamson was an employee at the time of the incident and is currently an employee. (<u>See</u> Docket No. 16.) Plaintiffs alleged in their Complaint that John Doe was acting within the scope and course of his employment. (<u>See</u> Docket No. 1-1, ¶¶ 32-33.) There are no allegations in the Complaint that John Doe was acting outside of the scope and

course of his employment. (See generally, Docket No. 1-1.) Marriott has taken the position that Mr. Williamson was acting within the course and scope of his employment at the time of the incident, therefore, Marriott and Mr. Williamson are regarded as a single tortfeasor and there is no reason to add Mr. Williamson as a party defendant.

Additionally, undersigned counsel has previously and repeatedly agreed to make Mr. Williamson available for a deposition. In fact, Mr. Williamson's deposition was scheduled by agreement of parties for May 7, 2018, but it was later cancelled by Plaintiffs based on their intention of filing this Motion to add Mr. Williamson as a party. Defendant is still willing to make Mr. Williamson available so that his knowledge pertaining to this incident can be discovered by Plaintiffs and is in no way preventing Plaintiffs from securing relevant information. For these reasons, Marriott respectfully requests that this Court deny Plaintiffs' Supplemental Motion.

III.     Joinder of Dalane Williamson is Governed by 28 U.S.C. § 1447(e).

Under 28 U.S.C. § 1447(e), "[i]f after removal [a] plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Plaintiffs thus may not add non-diverse parties as a matter of right under Rule 15. Rather, "[c]ourts have regularly held that the liberal amendment standard

in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." Fayne v. Green Tree Serv., LLC, 1:12-CV-217-ODE, 2012 WL 12839545, at *3 (N.D. Ga. July 25, 2012). In fact, a court "should deny leave to amend unless strong equities support the amendment." Liberacki v. Kroger Co., No. 1:13-CV-000059-JCF, 2013 WL 12061882, at *2 (N.D. Ga. April 18, 2013) (emphasis added) (citation and internal quotation marks omitted).

In deciding whether to allow plaintiffs to add non-diverse parties and defeat jurisdiction, courts look to a number of factors, including the extent to which the amendment is intended to defeat jurisdiction, whether the plaintiff has been dilatory, whether the plaintiff will be significantly injured without the amendment, and other relevant factors. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Plaintiffs and defendants, however, "do not start out on equal footing" because diverse defendants have a "right to choose between a state or federal forum." Liberacki, 2013 WL 12061882, at *2 (citations and internal quotation marks omitted). Indeed, "[g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Id. (citation and internal quotation marks omitted).

The equities in this case do not strongly support allowing the amendment. It is unclear if one of Plaintiffs' motives in filing this Supplemental Motion is to defeat diversity jurisdiction, but Plaintiffs originally filed the case in state court

and the Defendant removed it to federal court. Second, for the reasons explained in Section I above, Plaintiffs have been slow to seek an amendment in this case. They are asking to amend the pleadings outside of the deadline in the Scheduling Order and almost three months after they first became aware of Mr. Williamson's identity. Third, Plaintiffs will not be significantly injured if Mr. Williamson is not added as a named defendant for the reasons set forth above in Section II. Accordingly, this Supplemental Motion should be denied.

IV.   Conclusion

For the above and foregoing reasons, Defendant Marriott respectfully requests that Plaintiffs' Supplemental Motion for Leave to Amend Complaint as it pertains to adding Dalane Williamson as a party Defendant be denied.

Respectfully submitted this 17th day of May, 2018.

        **HALL BOOTH SMITH, P.C.**

        */s/ David J. Younker*
        DAVID J. YOUNKER
        Georgia Bar No. 940387
        dyounker@hallboothsmith.com
        CRYSTAL D. FILIBERTO
        Georgia Bar No. 383451
        cfiliberto@hallboothsmith.com
        191 Peachtree Street, NE, Suite 2900
        Atlanta, Georgia 30303
        (404) 954-5000 (Telephone)
        (404) 954-5020 (Facsimile)

        *Attorney for Defendant Marriott Hotel Services, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE KNIGHT and ALLERICK KNIGHT,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOE, DINNER DETECTIVE PRODUCTIONS, INC., AND MARRIOTT HOTEL SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>1:18-cv-00299-ELR |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **MARRIOTT HOTEL SERVICES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO AMEND COMPLAINT** upon all parties to this matter by electronic mail as follows:

Joi R. Fairell, Esquire
joi@fairellfirm.com
The Fairell Firm
3469 Lawrenceville Highway
Suite 102
Tucker, Georgia  30084
*Attorney for Plaintiff*

ShaMiracle J. Rankin, Esquire
srankin@thecplawgroup.com
Prince N. Njoku, Esquire
prince@thecplawgroup.com
The CP Law Group, LLC
2295 Parklake Drive NE, Suite 360
Atlanta, Georgia  30345
*Attorney for Plaintiff*

Michael H. Schroder, Esquire
mike.schroder@swiftcurrie.com
Smita Gautam, Esquire
smita.gautam@swiftcurrie.com
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia  30309
*Attorneys for Defendant Dinner Detective Productions, Inc.*

Respectfully submitted this 17th day of May, 2018.

**HALL BOOTH SMITH, P.C.**

*/s/ David J. Younker*
DAVID J. YOUNKER
Georgia Bar No. 940387
dyounker@hallboothsmith.com
CRYSTAL D. FILIBERTO
Georgia Bar No. 383451
cfiliberto@hallboothsmith.com
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30303
(404) 954-5000 (Telephone)
(404) 954-5020 (Facsimile)

*Attorney for Defendant Marriott Hotel Services, Inc.*