# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHELLE KNIGHT and ALLERICK KNIGHT,<br>    Plaintiffs,<br><br>vs.<br><br>DALANE WILLIAMSON, DINNER DETECTIVE PRODUCTIONS, INC., MARRIOTT HOTEL SERVICES, INC. and WAC ENTERTAINMENT, LLC d/b/a DINNER DETECTIVE ATLANTA<br>    Defendants. | CIVIL ACTION FILE NO.:<br>1:18-cv-00299-ELR<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' AMENDED COMPLAINT FOR PERSONAL INJURY AND DAMAGES

COME NOW, Plaintiffs, Michelle Knight and Allerick Knight, by and through undersigned counsel, and file this Plaintiffs' Amended Complaint for Personal Injury and Damages in the above-entitled cause of action and respectfully show this Honorable Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Michelle Knight (hereinafter "Plaintiff" or "Dr. Knight") is an individual and is now, and at all times mentioned in this complaint was, a resident of Gwinnett County.

2.

Allerick Knight (hereinafter "Plaintiff" or "Mr. Knight") is an individual and is now, and at all times mentioned in this complaint was, a resident of Gwinnett County.

3.

Defendant Dalane Wilson is an adult and an employee of Marriott Hotel Services, Inc. He may be served at his place of employment, Atlanta Marriott Suites Midtown, 35 14th Street, NE, Atlanta, GA 30309.

4.

Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this Complaint, Defendant Williamson was the agent and employee of his codefendants, and in doing the things alleged in this Complaint he was acting within the course and scope of that agency and employment.

5.

Defendant Dinner Detective Productions, Inc., (hereinafter "Defendant DDP"), is a foreign for-profit corporation that conducts business in the State of Georgia. Defendant DDP's registered agent, Scott O'Brien, can be served pursuant to O.C.G.A. § 9-10-91 at 100-A-East Harmony Rd., #254, Fort Collins, CO 80525, or by such other means as allowed by the Georgia Civil Practice Act.

6.

Defendant Marriott Hotel Services, Inc. (hereinafter "Defendant Marriott"), is a foreign for-profit corporation authorized to transact business within the state. Defendant Marriott's principal office is located at 10400 Fernwood Dr., Bethesda, MD 20817. Defendant Marriott may be served through its registered agent, Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066 in Cobb County, Georgia, or by such other means as allowed by the Georgia Civil Practice Act.

7.

Defendant WAC Entertainment, LLC d/b/a Dinner Detective Atlanta (hereinafter "Defendant WAC"), is a domestic limited liability company that conducts business in the State of Georgia. Defendant WAC may be served through its registered agent, Alex B. Kaufman, 8215 Roswell Road, Building 800, Atlanta, GA 30350.

8.

This Court has subject matter jurisdiction over the claims asserted herein and personal jurisdiction over Defendant Williamson, Defendant DDP, Defendant WAC and Defendant Marriott.

**GENERAL ALLEGATIONS**

9.

On September 10, 2016, Plaintiffs attended a Murder Mystery Dinner show that was produced by Defendant DDP and/or Defendant WAC and held on the premises of Defendant Marriott.

10.

Plaintiffs purchased tickets for the Murder Mystery Dinner show and were therefore business invitees of Defendant DDP, Defendant WAC, and Defendant Marriott.

11.

At or about 8:00 pm on September 10, 2016, Dr. Knight was seated at her table reading the detective clues that were provided by Defendant DDP and/or Defendant WAC. As she read the clues, Defendant Williamson, a waiter and employee of Defendant Marriott, Defendant DDP, and/or Defendant WAC, approached Dr. Knight's table to serve dinner.

12.

Defendant Williamson hovered over Dr. Knight as he held in his hand a tray of dinner plates and cloches.

13.

As Defendant Williamson attempted to reach for a tray stand, he lost his balance and dropped the tray of dinner plates and cloches on Dr. Knight's head, shoulders, and back.

14.

Dr. Knight, through no fault of her own, sustained bodily injuries that have continued to affect her, caused disruption in her life, and impaired her abilities to perform activities of daily living.

15.

Specifically, Dr. Knight suffered a spinal injury which necessitated surgery.

16.

Due to the nature of the injuries sustained by Dr. Knight and the severe physical and psychological strains they cause her, Mr. Knight was and will be permanently deprived of his spouse's consortium.

17.

As a result of Plaintiff's injuries, Plaintiffs have sustained damages.

# COUNT I: NEGLIGENCE & NEGLIGENCE *PER SE*
## Defendant Marriott

18.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through seventeen (17) by reference, as if fully set forth herein.

19.

On September 10, 2016, Defendant Marriott induced Plaintiffs upon its premises for the Murder Mystery Dinner show that was produced by Defendant DDP and/or Defendant WAC.

20.

Defendant Marriott breached its general duty of care and directly and proximately caused injuries to Plaintiffs by, but not limited to, one or more of the following acts of negligence or negligence *per se*:

a) Failing to use ordinary care to keep the premises safe in violation of O.C.G.A. § 51-3-1;

b) Failing to properly hire, retain, entrust, train, supervise or direct work at the Murder Mystery Dinner including the work of Defendant Williamson, its employees, subcontractors, agents and other persons or entities working the Murder Mystery Dinner show; and

c) Failing to properly supervise, employ, or permit others to employ, Defendant Williamson, unfit persons or persons not skilled in the tasks assigned to them.

21.

As a direct result of Defendant Marriott's negligence, Plaintiffs sustained injuries and damages when Defendant Williamson negligently dropped a tray of dishes and cloches on Dr. Knight's head, shoulders, and back.

**COUNT II: NEGLIGENCE & NEGLIGENCE *PER SE***
**Defendant DDP**

22.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through twenty-one (21) by reference, as if fully set forth herein.

23.

On September 10, 2016, Defendant DDP induced Plaintiffs upon the premises of Defendant Marriott for the Murder Mystery Dinner show that it produced.

24.

Defendant DDP breached its general duty of care and directly and proximately caused injuries to Plaintiffs by, but not limited to, one or more of the following acts of negligence or negligence *per se*:

a) Failing to use ordinary care to keep the premises safe in violation of O.C.G.A. § 51-3-1;

b) Failing to properly hire, retain, entrust, train, supervise or direct work at the Murder Mystery Dinner including the work of Defendant Williamson, its employees, subcontractors, agents and other persons or entities working the Murder Mystery Dinner show; and

c) Failing to properly supervise, employ, or permit others to employ, Defendant Williamson, unfit persons or persons not skilled in the tasks assigned to them.

25.

As a direct result of Defendant DDP's negligence, Plaintiffs sustained injuries and damages when Defendant Williamson negligently dropped a tray of dishes and cloches on Dr. Knight's head, shoulders, and back.

### COUNT III: NEGLIGENCE & NEGLIGENCE *PER SE*
### Defendant Williamson

26.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through twenty-five (25) by reference, as if fully set forth herein.

27.

On September 10, 2016, Defendant Williamson worked as a waiter during the Murder Mystery Dinner that was held on the premises of Defendant Marriott and produced by Defendant DDP.

28.

Defendant Williamson breached his general duty of care and directly and proximately caused injuries to Plaintiffs by, but not limited to, one or more of the following acts of negligence or negligence *per se*:

a) Failing to use ordinary care in the performance of his job duties; and
b) Failing to maintain control of the tray he was handling and dropping the tray of dishes and cloches on Dr. Knight's head, shoulders, and back.

29.

As a direct result of Defendant Williamson's negligence, Plaintiffs sustained injuries and damages when Defendant Williamson negligently dropped the tray of dishes and cloches on Dr. Knight.

### COUNT IV: NEGLIGENCE & NEGLIGENCE *PER SE*
### Defendant WAC

30.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through twenty-nine (29) by reference, as if fully set forth herein.

31.

On September 10, 2016, Defendant WAC induced Plaintiffs upon the premises of Defendant Marriott for the Murder Mystery Dinner show that it produced.

32.

Defendant WAC breached its general duty of care and directly and proximately caused injuries to Plaintiffs by, but not limited to, one or more of the following acts of negligence or negligence *per se*:

a) Failing to use ordinary care to keep the premises safe in violation of O.C.G.A. § 51-3-1;

b) Failing to properly hire, retain, entrust, train, supervise or direct work at the Murder Mystery Dinner including the work of Defendant Williamson, its employees, subcontractors, agents and other persons or entities working the Murder Mystery Dinner show; and

c) Failing to properly supervise, employ, or permit others to employ, Defendant Williamson, unfit persons or persons not skilled in the tasks assigned to them.

33.

As a direct result of Defendant WAC's negligence, Plaintiffs sustained injuries and damages when Defendant Williamson negligently dropped a tray of dishes and cloches on Dr. Knight's head, shoulders, and back.

### COUNT IV: RESPONDEAT SUPERIOR
### Defendant Marriott

34.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through thirty-three (33) by reference, as if fully set forth herein.

35.

At all times during Defendant Williamson's actions, he was an agent, servant, or employee of Defendant Marriott.

36.

At all times during Defendant Williamson's actions, he was acting during his scope of employment and in furtherance of Defendant Marriott's business interests.

37.

Defendant Marriott is responsible for all the negligent acts committed by Defendant Williamson during the scope of his employment.

## COUNT V: RESPONDEAT SUPERIOR
## Defendant DDP

38.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through thirty-seven (37) by reference, as if fully set forth herein.

39.

At all times during Defendant Williamson's actions, he was an agent, servant, or employee of Defendant DDP.

40.

At all times during Defendant Williamson's actions, he was acting during his scope of employment and in furtherance of Defendant DDP's business interests.

41.

Defendant DDP is responsible for all the negligent acts committed by Defendant Williamson during the scope of his employment.

## COUNT VI: RESPONDEAT SUPERIOR
## Defendant WAC

42.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through forty-one (41) by reference, as if fully set forth herein.

43.

At all times during Defendant Williamson's actions, he was an agent, servant, or employee of Defendant WAC.

44.

At all times during Defendant Williamson's actions, he was acting during his scope of employment and in furtherance of Defendant WAC's business interests.

45.

Defendant WAC is responsible for all the negligent acts committed by Defendant Williamson during the scope of his employment.

### COUNT VII: RES IPSA LOQUITUR
### Defendant Marriott

46.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through forty-five (45) by reference, as if fully set forth herein.

47.

The damages suffered by Plaintiffs were not due to any actions on the part of Plaintiffs.

48.

Defendant Marriott, by and through its agent Defendant Williamson, had exclusive control of the tray and its contents that caused personal injury to Dr. Knight.

49.

The injuries Dr. Knight sustained and the damages that flow therefrom are not the type that occur in the absence of negligence.

## **COUNT VIII: RES IPSA LOQUITUR**
**Defendant DDP**

50.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through forty-nine (49) by reference, as if fully set forth herein.

51.

The damages suffered by Plaintiffs were not due to any actions on the part of Plaintiffs.

52.

Defendant DDP, by and through its agent Defendant Williamson, had exclusive control of the tray and its contents that caused personal injury to Dr. Knight.

53.

The injuries Dr. Knight sustained and the damages that flow therefrom are not the type that occur in the absence of negligence.

### COUNT IX: RES IPSA LOQUITUR
### Defendant WAC

54.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through fifty-three (53) by reference, as if fully set forth herein.

55.

The damages suffered by Plaintiffs were not due to any actions on the part of Plaintiffs.

56.

Defendant WAC, by and through its agent Defendant Williamson, had exclusive control of the tray and its contents that caused personal injury to Dr. Knight.

### COUNT X: RES IPSA LOQUITUR
### Defendant Williamson

57.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through fifty-six (56) by reference, as if fully set forth herein.

58.

The damages suffered by Plaintiffs were not due to any actions on the part of Plaintiffs.

59.

Defendant Williamson had exclusive control of the tray and its contents that caused personal injury to Dr. Knight.

60.

The injuries Dr. Knight sustained and the damages that flow therefrom are not the type that occur in the absence of negligence.

### **COUNT VII: LOSS OF CONSORTIUM**
### **All Defendants**

61.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through sixty (60) by reference, as if fully set forth herein.

62.

On September 10, 2016, and at all times mentioned in this Complaint, Mr. Knight and Dr. Knight were husband and wife.

63.

Defendants owed a duty of reasonable care to Dr. Knight on September 10, 2016.

64.

On September 10, 2016, Dr. Knight was injured as a result of Defendants negligence.

65.

As a direct and proximate result of Defendants negligent conduct, Dr. Knight suffered from a spinal injury which caused Dr. Knight to endure disabling injuries.

66.

Before suffering these injuries, Dr. Knight was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintain the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Mr. Knight. As a direct and proximate result of the injuries Dr. Knight sustained, she has been unable to perform the duties of a wife and is limited in her ability to assist with housework, regularly engage in sexual intercourse, participate in family, recreational, or social activities with Mr. Knight, or contribute to the household income.

67.

Due to the nature of the injuries sustained by Dr. Knight and the severe physical and psychological strains they cause her, Dr. Knight is unable to provide Mr. Knight with the level of love, companionship, affection, society, moral support

and solace that she provided prior to Defendants negligence. Because of the injuries Dr. Knight sustained, she will be unable to perform these duties in the future.

68.

Mr. Knight is therefore deprived and will be permanently deprived of his spouse's consortium.

## **COUNT VIII: BAD FAITH & ATTORNEYS FEES**
**All Defendants**

69.

Plaintiffs incorporate the allegations contained in paragraphs one (1) through sixty-eight (68) by reference, as if fully set forth herein.

70.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiffs hereby respectfully request and specifically pleads for the recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubbornly litigious and bad faith conduct.

71.

**WHEREFORE, Plaintiffs respectfully request trial by jury of twelve (12) before this Honorable Court and that this Court enter judgment for Plaintiffs for the following relief:**

(a) That Defendants be found liable for recklessness, carelessness, negligence, and negligence *per se.*

(a) That judgment be entered against Defendants in an amount sufficient to compensate for the medical expenses and travel expenses incurred by Dr. Knight, which at the time of filing this Complaint are $201,344.95;

(b) That judgment be entered against Defendants in an amount sufficient to compensate for all Dr. Knight's lost wages and income, which at the time of filing this Complaint are $76,263.54;

(c) That judgment be entered against Defendants in an amount sufficient to compensate for the emotional, mental, physical, pain, suffering and disability experienced by Plaintiffs;

(d) That judgment be entered against Defendants in an amount sufficient to compensate for the loss of consortium experienced by Mr. Knight;

(b) The Plaintiff be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence per se, pursuant to O.C.G.A. § 51-12-1 *et seq.*

(c) That Plaintiffs be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees because of the Defendants' stubbornly litigiousness and bad faith conduct, pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7.

(d) That Plaintiffs be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable in the premises.

Respectfully submitted, this 11th day of May, 2018.

| **THE FAIRELL FIRM** | **THE CP LAW GROUP, LLC** |
|---|---|
| /s/ *Joi Fairell* | /s/ *ShaMiracle J Rankin* |
| Joi Fairell, Esq. | ShaMiracle J. Rankin, Esq. |
| Georgia Bar No. 941702 | Georgia Bar No. 211640 |
| *Counsel for Plaintiff* | Prince N. Njoku, Esq. |
| 3469 Lawrenceville Hwy, Suite 102 | Georgia Bar No. 933371 |
| Tucker, Georgia 30084 | *Counsel for Plaintiff* |
| Phone: (678) 973-2803 | 2295 Parklake Dr NE, Suite 360 |
| Fax:     (770) 864-9079 | Atlanta, Georgia 30345 |
| Email: joi@fairellfirm.com | Phone: (404) 480-3908 |
| | Fax:    (404) 480-4791 |
| | Email: srankin@thecplawgroup.com |
| |             princen@thecplawgroup.com |